Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
**Megan E. Glor, Attorneys at Law, PC**
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| M.B., by and through his mother and next friend, LAUREN COOPER,<br><br>          Plaintiff,<br><br>     v.<br><br>**PROVIDENCE HEALTH & SERVICES HEALTH AND WELFARE BENEFIT PLAN; and PROVIDENCE HEALTH PLAN,**<br><br>          **Defendants.** | Case No.  3:20-cv-1744<br><br>**COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a))** |

/ /

/ /

COMPLAINT - Page 1 of 14

I. **PARTIES**

1.

***Plaintiff***. Plaintiff M.B. is the minor dependent son and next friend of Lauren Cooper, and resides in Multnomah County, Oregon. M.B. is a beneficiary, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(8), 29 U.S.C. § 1002(8), of the Providence Health & Services Health & Welfare Benefit Plan ("the Plan"), which includes the 2019 Providence Health & Services Health Reimbursement (HRA) Medical Plan. M.B.'s coverage under the Plan is through his mother, Lauren Cooper's, employment with Providence Health & Services. M.B. was diagnosed with both mental illness and substance use disorder. From August 21, 2019 through August 24, 2020, while he was a minor, M.B. sought and received treatment for these severe illnesses at Catalyst Residential Treatment Center ("Catalyst"), a licensed residential treatment center ("RTC") located in Utah. Although the Plan covers medically necessary RTC services to treat mental and substance use illnesses, Defendants denied coverage of all treatment provided by Catalyst to M.B. and denied the appeals of its denials, in violation of the terms of the Plan and ERISA.

2.

***Defendant Providence Health Plan.*** Providence Health Plan ("PHP") is licensed by the Director of the Department of Consumer and Business Services for the State of Oregon, by and through the Division of Financial Regulation, as a health care service contractor. According to letters issued to Plaintiff, PHP processed M.B.'s claim for

COMPLAINT - Page 2 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

coverage under the Plan and issued one or more claim determinations. In that capacity, PHP is a fiduciary under ERISA.

3.

***Defendant Providence Health & Services Health & Welfare Benefit Plan.***

Providence Health & Services Health & Welfare Benefit Plan ("the Plan") is an "employee welfare benefit plan" under ERISA § 1003, 29 U.S.C. § 1002(1). The Plan is a group health plan that covers more than 50 employees and that provides both medical/surgical benefits and mental health/substance use disorder benefits. *See* 29 U.S.C. § 1185a. At all times material, the Plan provided health coverage for M.B.

## II.  JURISDICTION AND VENUE

4.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B), (3) and (e)(1).

5.

Venue is proper under 29 U.S.C. § 1132(e)(2) because, *inter alia,* a defendant may be found in this district and the breach took place in this district.

6.

In conformity with 29 U.S.C. §1132(h), Plaintiff has served this Complaint by Certified Mail on the Secretary of Labor and the Secretary of Treasury.

/ /

/ /

**COMPLAINT - Page 3 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

### III.    NATURE OF THE CASE

7.

This is an ERISA-governed case regarding the denial of medically necessary residential mental health benefits to M.B. under the Plan.

8.

In August 2019, defendants denied all coverage of M.B.'s medically necessary mental health treatment at Catalyst. In September 2019, Plaintiff appealed pursuant to ERISA. In February 2020, Defendants denied Plaintiff's appeal. In April 2020, Plaintiff submitted a second appeal, exhausting the Plan's pre-litigation appeals process. The Plan continued to refuse to cover M.B.'s medically necessary mental health treatment at Catalyst.

9.

Under a *de novo* review or under a review for abuse of discretion, defendants' denial of coverage of M.B.'s medically necessary mental health treatment at Catalyst was in error and an abuse of discretion. This Court should order coverage of M.B.'s treatment by Catalyst, consistent with the terms and conditions of the Plan.

### IV.    STATEMENT OF FACTS

10.

At all times material, M.B. received his health coverage through his next friend, Lauren Cooper, an employee of Providence Health and Services. Accordingly, M.B. is an ERISA beneficiary under the Plan. As a beneficiary, he is entitled to the health benefits

COMPLAINT - Page 4 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

set forth in the Plan.

11.

The Plan provides coverage for medically necessary mental illness treatment services, including residential treatment delivered in a facility licensed to provide such care in accordance with the Plan.

12.

In early 2017, at age 14, M.B. began experiencing worsening mental health symptoms. In October 2018, following an attempted suicide by overdose, M.B. began to receive mental health therapy and psychiatric treatment.

13.

In April 2019, based upon M.B.'s severe drug use and psychiatric symptoms, and upon the advice of appropriate experts, he was admitted to Madrona Recovery, Tigard, Oregon. M.B. had recently dropped out of school due to social anxiety. He was discharged from Madrona Recovery after 22 days, in May 2019.

14.

Upon his return home, M.B. quickly relapsed. He participated in intensive outpatient services in May and June 2019.

15.

Upon the advice of appropriate experts, M.B. was admitted to Catalyst Residential Treatment Center, Brigham City, Utah, on or about August 21, 2019. He remained at and received treatment provided by Catalyst until August 24, 2020, when he was discharged

**COMPLAINT - Page 5 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

to his home.

16.

By letter dated August 23, 2019, PHP, on behalf of the Plan, denied coverage for M.B.'s treatment at Catalyst, asserting, *inter alia:*

> After careful review and per our Medical Policy for Providence Health & Services - Oregon Region this request was not approved beginning 8/21/19 forward at Catalyst Residential Treatment, a non-participating provider, due to exclusion of service.
>
> Summary of the Peer Review with Peer Review Telephonic Review Declined:
>
> We cannot authorize mental health or chemical dependency residential for the requested facility due to the services components is not consistent with level of care guidelines. Instead your child could be treated at a mental health or chemical dependency residential unit that does meet our level of care guidelines.

17.

By letter dated September 22, 2019, Plaintiff submitted a level-one member appeal of Defendants' coverage denial. The appeal asserted, *inter alia*, that Catalyst does not provide excluded services and is in fact considered a covered benefit under the Plan; showed "that the guidelines [Defendants'] reviewer supposedly applied are not even applicable to [M.B.'s] treatment" and explained that Defendants' claim denial appeared to be in violation of the Mental Health Parity and Addiction Equity Act of 2008.

18.

By letter dated February 28, 2020, PHP, on behalf of Defendants, issued a letter denying Plaintiff's level one appeal, asserting that M.B.'s "[t]reatment...can be provided

COMPLAINT - Page 6 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

in a mental health or chemical dependency residential unit that meet[s] our level of care guidelines," but that "[t]he services provided at Catalyst Residential Treatment Center [are] not consistent with our level of care guidelines" in that "[i]t does not meet the minimum residential treatment standards/requirements to be eligible for admitting the member." Defendants also asserted: "In addition, there are available mental health residential treatments center[s] within geographical access to the area (e.g. Trillium Family Services Inc.). Partial hospital care was also available and could have managed the member's presentation and needs."

19.

By letter dated April 3, 2020, M.B., through his next friend Lauren Cooper, submitted a level two member appeal of Defendants' claim denial. This appeal explained, *inter alia*, that "[M.B.]'s treatment at Catalyst is a covered benefit under our plan, and Providence's continued denial appears to violate the terms and conditions" of the Plan. Lauren Cooper also "[a]ddressed Providence's insistence that I could have sent my child to a different facility in my geographical area," explaining, "First, my PPO plan with Providence allows me to go out-of-network…" and "Second," while "Providence's reviewer states that the facility Trillium in Portland, Oregon, was available to him; in reality, it was not." She also explained: "Unfortunately, Madrona Recovery was completely ineffective in treating my son's mental health and substance abuse disorders, and Trillium was unable to give me any assurance that he would ever be admitted there. Therefore, I had no choice but to find a more intensive residential treatment facility for

**COMPLAINT - Page 7 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

my son, which was Catalyst." She explained that "The suggestion that [M.B.] could have been safely treated in a partial hospitalization setting is flagrantly untrue…" She also explained, "….Catalyst is licensed by the state of Utah to provide patients with residential treatment, and operates within the scope of their license."

20.

After receiving the level two appeal, Defendants submitted the claim to Advanced Medical Reviews, LLC ("AMR"), an Independent Review Organization ("IRO"), for an external review.

21.

Oregon's external review statute, ORS 743B.252, authorizes a health insurer to offer an enrollee in a health plan "to obtain review by an independent review organization of a dispute relating to an adverse benefit determination by the insurer on one or more of the following:

(a) Whether a course or plan of treatment is medically necessary.

(b) Whether a course of plan of treatment is experimental or investigational.

(c) Whether a course or plan of treatment that an enrollee is undergoing is an active course of treatment for purposes of continuity of care under ORS 743B.225 (Continuity of care).

(d) Whether a course or plan of treatment is delivered in an appropriate health care setting and with the appropriate level of care.

(e) Whether an exception to the health benefit plan's prescription drug formulary should be granted."

22.

COMPLAINT - Page 8 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

Defendants, however, had not denied coverage for any of the reasons stated in ORS 743B.252. Furthermore, Defendants unilaterally submitted Plaintiff's claim for external review and did so without notifying Plaintiff that an IRO had been appointed. Accordingly, even if the IRO review had been proper, Plaintiff was not put on notice that he had the right to "submit additional information to the independent review organization," which "the organization must consider...in its review" pursuant to ORS 743B.252(4) ("An enrollee may submit additional information to the independent review organization no later than five business days after the enrollee's receipt of notification of the appointment of the independent review organization and the organization must consider the information in its review.").

23.

By letter dated June 2, 2020, issued to Lauren Cooper, AMR asserted: "After careful consideration of all relevant medical information, applicable criteria sets, standards and interpretive guidelines, AMR upholds the carrier's decision and the request is denied." AMR added, "Please refer to the attached document for a brief case summary and review comments...." In an accompanying "Peer Review Final Report," AMR asserted, "The length of stay/Level of Care dated 8/21/19-forward is not appropriate and medically necessary."

24.

Defendants never informed Plaintiff that the basis of their coverage denial was that Catalyst's treatment was not medically necessary.

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

25.

Defendants never issued a decision on review of Plaintiff's level two appeal.

26.

ERISA's "full and fair review" claims procedure regulation, 29 C.F.R. § 2560.503-1(j), provides:

> ***Manner and content of notification of benefit determination on review. The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review***. Any electronic notification shall comply with the standards imposed by 29 CFR 2520.104b-1(c)(1)(i), (iii), and (iv), or with the standards imposed by 29 CFR 2520.104b-31 (for pension benefit plans). **In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant -**
>
> **(1) The specific reason or reasons for the adverse determination;**
>
> **(2) Reference to the specific plan provisions on which the benefit determination is based;**
>
> **(3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;**
>
> **(4)**
>
>   **(i) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring an action under section 502(a) of the Act; and,...**

27.

Defendants failed to comply with their duty to provide Plaintiff the notice required under 29 C.F.R. § 2560.503-1(j).

COMPLAINT - Page 10 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

28.

29 C.F.R. § 2560.503-1(l), entitled "***Failure to establish and follow reasonable claims procedures***," provides in part:

> **(1) *In general.*** ...in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29.

Defendants, on behalf of the Plan, failed to "adhere to all the requirements of this section" by failing to issue a written or electronic notification of the Plan's benefit determination on review of Plaintiff's level two appeal and thus violated 29 C.F.R. § 2560.503-1(j). Accordingly, Plaintiff is "deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

30.

Plaintiff has completed all steps required prior to the filing of this Complaint under the Plan and under ERISA, pursuant to 29 U.S.C. § 1133.

//

//

//

//

**COMPLAINT - Page 11 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

## V. CLAIMS

### FIRST CLAIM -- FOR BENEFITS AND ENFORCEMENT
### OF RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

31.

Plaintiff realleges paragraphs 1 through 30, above.

32.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

33.

By denying Plaintiff's claim and benefits under the Plan, Defendants have violated ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).

34.

Plaintiff is entitled to recover benefits due him due to the improper denial of coverage of M.B.'s mental health treatment at Catalyst from on or about August 21, 2019, through August 24, 2020, in accordance with his rights and benefits under the terms of the Plan.

### SECOND CLAIM -- FOR OTHER EQUITABLE RELIEF
### AND TO ENFORCE THE TERMS OF THE PLANS
### ERISA § 502(A)(3), 29 U.S.C. § 1132(A)(3)

35.

Plaintiff realleges paragraphs 1 through 34, above.

COMPLAINT - Page 12 of 14

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

36.

ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 503(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks all equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential damages arising out of Defendants' failure to administer the Plan according to its terms.

### THIRD CLAIM -- FOR ATTORNEYS FEES AND COSTS
### ERISA § 502(G)(1), 29 U.S.C. § 1132(G)(1)

37.

Plaintiff realleges paragraphs 1 through 36, above.

38.

Plaintiff is entitled to his attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment in favor of Plaintiff establishing his right to receive coverage of his medically necessary residential mental health treatment at Catalyst under the terms of the Plan;

2. Enter judgment in favor of Plaintiff for damages, in an amount to be proven at trial, due to Defendants' failure to provide benefits due under the Plan;

**COMPLAINT - Page 13 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

3. Order Defendants to pay Plaintiff prejudgment interest under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

4. Order Defendants to pay Plaintiff's attorney fees and costs, pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g)(1); and

5. Order in favor of Plaintiff and against Defendants such other and further equitable relief, pursuant to ERISA § 502(a), 29 U.S.C. § 502(a), as this Court deems just and proper.

DATED: October 9, 2020.

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97266
Phone: (503) 223-7400
Fax: (503) 751-2071
Attorney for Plaintiff

**COMPLAINT - Page 14 of 14**

Megan E. Glor
Attorneys at Law, P. C.
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400